FILED

MAY 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50447 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00341-JFW-1 |
| v. | |
| VICTOR RAMIREZ MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted January 28, 2011[**]
Pasadena, California

Before: PREGERSON, GRABER, and WARDLAW, Circuit Judges.

Victor Ramirez Martinez appeals, arguing that the 77-month sentence

imposed following his conviction under 8 U.S.C. § 1326 is substantively

unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The record as a whole "'reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).'" *United States v. Ressam*, 629 F.3d 793, 827 (9th Cir. 2010) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)). The court addressed Ramirez's medical problems – and Ramirez's concerns about the level of care provided by the Bureau of Prisons (BOP) – at length, ordered that Ramirez receive a full medical evaluation, and recommended that Ramirez be sent to an appropriate medical facility. The district court, moreover, sentenced Ramirez to the very bottom of the correct Guidelines range after concluding that Ramirez has apparently turned his life around. In light of the totality of the circumstances, Ramirez's sentence is not substantively unreasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Although Ramirez's allegations, if true, appear to support an Eighth Amendment challenge to the conditions of imprisonment, in that the BOP may be acting with deliberate indifference to Ramirez's medical problems, that does not support Ramirez's argument that his sentence is unreasonable. As the district court observed, Ramirez may raise concerns about his medical care in an administrative complaint or lawsuit.

**AFFIRMED.**